FILED
U.S. District Court
District of Kansas
11/23/2026
Clerk, U.S. District Court
By: SND Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**ARLANDO RAY TOLSON, SR.,**

**Plaintiff,**

**v.** **CASE NO. 26-3379-JWL**

**JOHNSON COUNTY,**

**Defendant.**

**MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Arlando Ray Tolson, SR., is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein. Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

## I. Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court granted Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges that he was in the process of leaving his wife when she called the police and made false accusations against him that led to his wrongful incarceration. (Doc. 1, at 2.) As Count I, Plaintiff alleges that his Fifth Amendment rights were violated when he was charged and found not guilty of aggravated domestic battery. *Id*. at 3–4. Plaintiff alleges that the prosecutor knew that there was no evidence and still bound Plaintiff over for trial and sent him back to the Kansas Department of Corrections. *Id*. at 4.

As Count II, Plaintiff alleges that his Fourteenth Amendment due process rights were violated in April 2025, when he was charged with aggravated domestic battery while at a work

release program in Johnson County, Kansas. *Id.* at 5. Plaintiff alleges that he was found not guilty and wrongfully sent back to prison. *Id.*

Plaintiff attaches the docket for his state criminal case. *See State v. Tolson*, Case No. JO-2025-001378 (District Court of Johnson County, Kansas).

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S.

Ct. at 1974).

## III. DISCUSSION

Plaintiff alleges violations of due process and makes the bald conclusion that the prosecutor knew there was no evidence to support the charges. He also alleges that his wife made false accusations against him. He relies on his not guilty verdict to support his claims and argues that the charges led to his wrongful incarceration. The Court notes that in a separate case pending around this same timeframe, Plaintiff pleaded guilty to a charge of violation of a protective order. *See State v. Tolson*, Case No. JO-2025-CR-002871 (District Court of Johnson County, Kansas). Plaintiff has not indicated whether this conviction led to revocation proceedings in his underlying criminal case. *See State v. Tolson*, Case No. JO-1999-CR-002422 (District Court of Johnson County, Kansas).

Plaintiff has not alleged malicious prosecution in his Complaint, but he mentions it in his memorandum in support of his motion for default judgment. *See* Doc. 8. A § 1983 malicious prosecution claim includes five elements: "(1) the defendant caused the plaintiff's continued confinement or prosecution; (2) the original action terminated in favor of the plaintiff; (3) no probable cause supported the arrest, confinement, or prosecution; (4) the defendant acted maliciously; and (5) the plaintiff sustained damages." *Shrum v. Cooke*, 60 F.4th 1304, 1310 (10th Cir. 2023) (emphasis removed) (citation omitted). The Supreme Court has clarified that "a criminal prosecution terminates favorably, for the purposes of a § 1983 malicious prosecution claim, when the prosecution ends without a conviction." *Id.* at 1311 (citing *Thompson v. Clark*, 596 U.S. 36, 142 S. Ct. 1332, 1335 (2022)).

Although Plaintiff's not guilty verdict in Case No. JO-2025-001378 is sufficient to show that the action terminated in his favor, it is not sufficient to show a lack of probable cause. *See*

*Windle v. Indiana*, 2019 WL 6724605, at n.4 (S.D. Ind. Dec. 10, 2019) (noting that not guilty verdict by jury is not dispositive of the false arrest civil claim as "the evidence required to establish probable cause is considerably less than that required to sustain a criminal conviction") (quoting *Purvis v. Oest*, 614 F.3d 713, 723 (7th Cir. 2010)). A plaintiff must allege facts indicating he was arrested without probable cause—"he must give some information about the circumstances of the arrest suggesting that he was arrested without probable cause . . . [m]erely asserting that he did not commit the offense and/or that a jury found him not guilty does not speak to the issue [of] whether the arresting officers had probable cause to arrest him." *Caldwell v. Reitz*, 2022 WL 7054837, at *1 (C.D. Ill. Oct. 12, 2022) (citations omitted); *see also Lynch v. U.S.*, 2022 WL 815190, at *4 (N.D. Ill. March 17, 2022) (noting that judicial determination of probable cause is prima facie evidence of probable cause in subsequent suit for malicious prosecution and fact that jury subsequently found plaintiff not guilty does not undermine the conclusion that probable cause existed for arrest); *Stratakos v. Nassau Cty.*, 2019 WL 6699817, at *14 (E.D. N.Y. Dec. 9, 2019) ("The Plaintiff's reliance on his ultimate finding of not guilty also fails to suffice, because that finding occurred after the initiation of prosecution."); *Grier v. City of Mount Vernon*, 2019 WL 1171760, at *4 (S.D. N.Y. March 13, 2019) ("Whether the plaintiff was eventually found not guilty by a jury is irrelevant to the probable cause determination at the time of arrest.").

Although Plaintiff makes additional allegations in his memorandum in support of his motion for default judgment, he must include any additional factual allegation in any amended complaint that he files.

Plaintiff names Johnson County as the sole defendant, but mentions William Hurst as the district attorney on his criminal case. The Supreme Court has held that prosecutors enjoy

absolute immunity "for their conduct in 'initiating a prosecution and in presenting the State's case,' insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.' " *Neighbors v. Lawrence Police Dep't.*, 2016 WL 3685355, at *9 (D. Kan. July 12, 2016) (citing *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430, 431 (1976)). "This prosecutorial immunity is limited, however, to actions that 'involve the prosecutor's role as advocate . . . rather than his [or her] role as administrator or investigative officer . . ..' " *Id.* (quoting *Imbler*, 424 U.S. at 491 (citation and internal quotation marks omitted)).

In *Neighbors*, the plaintiff alleged that the prosecutor violated his due process rights by forcing him to trial without probable cause or any evidence on the record to show any crime had been committed. *Id.* at *10. This Court held that the prosecutor's filing and prosecution of the charges "are advocacy functions subject to absolute prosecutorial immunity." *Id.* (citations omitted). The Court found that:

> And, even if City Prosecutor Lehwald prosecuted plaintiff "without probable cause" or without "any evidence" of a crime, he still enjoys prosecutorial immunity because his acts are advocacy functions on behalf of the City of Lawrence. *See Imbler*, 424 U.S. at 413, 421–22, 431 (explaining that allegations of malice or an absence of probable cause are insufficient to overcome absolute prosecutorial immunity and holding that a prosecutor was entitled to absolute immunity from claims that he knowingly used false testimony and suppressed material evidence at trial); *see also Robinson v. Volkswagenwerk AG*, 940 F.2d 1369, 1372 n.4 (10th Cir. 1991) (explaining that "[w]hether the claim involves withholding evidence, failing to correct a misconception or instructing a witness to testify evasively, absolute immunity from civil damages is the rule for prosecutors"), *cert. denied*, 502 U.S. 1091 (1992). Because City Prosecutor Lehwald has absolute prosecutorial immunity, the court dismisses him from this action.

*Id.*

Plaintiff should clarify his claims against the prosecutors and state the nature of the

function they were performing when the alleged constitutional violations occurred. *See Bledsoe v. Vanderbilt*, 934 F.3d 1112, 1117 (10th Cir. 2019) (finding that absolute immunity does not protect the act of "fabricating evidence during the preliminary investigation of a crime" because prosecutors are not acting as advocates during that stage) (citations omitted)). The function of the prosecutors will determine the immunity that applies. "[S]ince a detective who fabricates evidence during the preliminary investigation of a crime 'is entitled to qualified immunity,' prosecutors who do the same are likewise 'protected only by qualified immunity.'" *Id*. at 1117–18 (citation omitted).

Plaintiff names Johnson County as the sole defendant. "[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Wright v. City of Ponca City*, 2023 WL 5765848, at *7 (10th Cir. Sept. 7, 2023) (quoting *Monell v. Dep't of Soc. Servs*., 436 U.S. 658, 694 (1978); *see also id*. at 691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory.")). Instead, "the government as an entity" can only be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. (quoting *Monell*, 436 U.S. at 694). To establish municipal liability a plaintiff must demonstrate the existence of a "municipal policy or custom." *Id*. (quoting *Bryson v. City of Okla. City*, 627 F.3d 784, 788 (10th Cir. 2010)). Then the "plaintiff must demonstrate 'a direct causal link between the policy or custom and the injury alleged.'" *Id*. at n.9 (citing *Waller v. City & Cnty. of Denver*, 932 F.3d 1277, 1284 (10th Cir. 2019) (quoting *Bryson*, 627 F.3d at 788)). Plaintiff has failed to allege a requisite custom or policy or to name a policymaker.

"[T]he Supreme Court has held that in 'limited circumstances,' a failure to train can be the basis for liability under § 1983." *Horocofsky*, 2022 WL 1421554, at *29 (citing *City of*

*Canton v. Harris*, 489 U.S. 378, 387 (1989)). Only when a municipality's failure to train employees evidences a " 'deliberate indifference' to the rights of inhabitants" can a failure to train be considered "a city 'policy or custom' that is actionable under § 1983." *Id.* (quoting *Canton*, 489 U.S. at 389). To show deliberate indifference, a plaintiff must show that the municipality had "actual or constructive notice that its action or failure to act is substantially certain to result in a constitutional violation," and a conscious or deliberate choice to disregard the harm. *Id.* (citation omitted).

Plaintiff's Complaint fails to allege the existence of any custom or policy adopted by a municipal policymaker, or any facts supporting an inference that one exists. This is a requirement for asserting a § 1983 claim against a municipality, and without such allegations, Plaintiff fails to state a claim for relief against Johnson County.

**IV. Motions**

**A. Motion Regarding Fees (Doc. 6)**

Plaintiff has filed a motion indicating that he would like to pay the remainder of his filing fee in full rather than in installments. He asks the Court to order Central Inmate Banking to pay the remainder of Plaintiff's filing fee. This Court does not order inmate payments in addition to the initial fee and the installment payments required by statute. If Plaintiff would like to pay the remainder of the fee in full, he should continue to work with the finance office at the facility. Plaintiff's request is denied.

**B. Motion for Default Judgment (Doc. 7)**

Plaintiff has filed a motion for default judgment, arguing that Johnson County has not filed an answer to his Complaint. Plaintiff's case has not passed screening, and no defendants have been served in this case. Any request for a default judgment is denied as premature. The

Court is granting Plaintiff an opportunity to file an amended complaint. He should include all of his claims and factual allegations in his amended complaint.

**V. Response and/or Amended Complaint Required**

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[1] Plaintiff is given time to file a complete and proper amended complaint in which he (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's motion regarding fees (Doc. 6) is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Default Judgment (Doc. 7) is **denied.**

[1] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (26-3379-JWL) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **December 28, 2026,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **December 28, 2026**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated November 23, 2026, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**